Date signed August 06, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| **In Re:**<br><br>**Donna Maria Barnes-Duncan aka Donna Barnes Duncan aka Donna Duncan aka Donna M. Duncan,**<br>        **Debtor.** | Case No. 06-11284PM<br>Chapter 13 |
| **Donna Maria Duncan,**<br>        **Plaintiff,**<br>**v.**<br><br>**John Arness, III, Lane Plotkin, Liebner & Plotkin, P.C. and Estate of Morris Battle,**<br><br>        **Defendants.** | AP No. 06-01615PM |

## MEMORANDUM OF DECISION

    Before the court is motion for partial summary judgment filed on behalf of the plaintiff, Donna Marie Duncan ("the Debtor") on her First Amended Complaint seeking damages for violations of the discharge injunction, breach of fiduciary duty, invasion of privacy and defamation and the cross motion filed on behalf of the four defendants.  The court will grant both motions, in part.  In short, the court finds that the defendants violated the discharge injunction of § 524(a)(2) of the Bankruptcy Code and further finds that the Deed of Trust, recorded in Liber 9932, at Folio 078, among the land records of Montgomery County, Maryland, is in full force and effect as a lien against the real property known as 9010 Watkins Road, Gaithersburg, Maryland 20882.

Background

On August 22, 1991, the Debtor executed a Note in the sum of $47,500.00, under seal, to the order of Morris Battle. The Note was secured by the Deed of Trust referred to above. On October 15, 1991, the Debtor filed in this court a bankruptcy case under chapter 13, Case No. 91-44901. That case was converted to a case under chapter 7 on the Debtor's motion by an order entered January 27, 1992. On March 4, 1993, the Debtor's discharge under chapter 7 was entered.

On June 29, 1994, the Debtor filed a bankruptcy case under chapter 13, Case No. 94-13425. The docket reflects that the case was converted to a case under chapter 11 on September 8, 1994, and closed on April 28, 1995.

The Debtor filed a third bankruptcy case under chapter 13, Case No. 04-31353, on September 16, 2004. That case scheduled the Estate of Morris Battle as the holder of a disputed third lien on the Watkins Road real property, said to secure a claim in the sum of $236,000.00. The Statement of Financial Affairs disclosed an action filed by the Debtor against the Estate of Morris Battle wherein the Circuit Court for Montgomery County had entered judgment in favor of the Estate of Morris Battle from which order the Debtor appealed to the Court of Special Appeals of Maryland. While the record does not reflect the resolution by the appellate court. This court is advised by the Clerk of the Court for the Court of Special Appeals of Maryland that the Debtor's appeal from the order of the Circuit Court for Montgomery County was dismissed by order dated January 6, 2005. *Barnes-Duncan v. Estate of Morris Battle*, Sept. Term 2004, Case No. 15.

The Estate of Morris Battle filed a secured claim in the sum of $243,976.83. Following the entry of an order denying confirmation of the Debtor's chapter 13 plan without leave to amend on April 14, 2005, the Estate of Morris Battle filed a motion for relief from the automatic stay on April 18, 2005, that was mooted by the dismissal of the Debtor's case on May 10, 2005, on account of the Debtor's failure to take further action.

This bankruptcy case under chapter 13 was filed on March 9, 2006, following an aborted attempt by the Estate of Morris Battle to foreclose on its lien. This adversary proceeding was filed on August 21, 2006.

Discussion

At all pertinent times, the lien held by Morris Battle and his Estate remained in full force and effect. The discharge entered on March 4, 1993, served only to relieve the Debtor of the personal obligation to repay the debt. The lien securing the obligation passed through the bankruptcy proceedings unaffected. *See generally, Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991); *In re Hamlett*, 322 F.3d 342, 348 (CA4). The Estate of Morris Battle was left solely with a claim against the real property. Any attempt to obtain a judgment *in personam* against the Debtor would be a violation of the discharge injunction. As Chief Judge Keir stated in the case of *In re Drazenovich*, 292 B.R. 101, 108 (BC Md. 2003), "the lien 'rides through' the bankruptcy case and remains impressed upon the property after the conclusion of the case." As evidenced by the Debtor's Exhibit J, a letter from John E. Arness, II, to the Debtor and Virginia L. Sauders, dated July 14, 2003, the defendants have sought to collect this obligation as a personal obligation in violation of the discharge injunction.

An appropriate order will be entered.

cc:    Donna Maria Duncan
9010 Watkins Road
Gaithersburg, Md 20882

Matthew H. Simmons
Simmons & Associates, Chartered
7347 Wisconsin Avenue
Suite 200
Bethesda, MD 20814

Seann Patrick Malloy
Simmons and Associates Chtd
7347 Wisconsin Ave Ste 200
Bethesda, MD 20814

John Arness III
4725 Wisconsin Avenue, N.W.
Suite 250
Washington, DC 20016

Steven H. Greenfeld
Cohen, Baldinger & Greenfeld, LLC
7910 Woodmont Ave.
Suite 760
Bethesda, MD 20814

Steven H. Greenfeld
Cohen, Baldinger & Greenfeld, LLC
7910 Woodmont Avenue
Suite 760
Bethesda, MD 20814

Lane Plotkin
4725 Wisconsin Avenue, N.W.
Suite 250
Washington, DC 20016

Liebner & Plotkin, P.C.
4725 Wisconsin Avenue, N.W.
Suite 200
Washington, DC 20016

Scott C. Borison
5500 Buckeystown Pike
Frederick, MD 21703

Estate of Morris Battle
4725 Wisconsin Ave., NW
Suite 250
Washington, DC 20016

Timothy P. Branigan
P.O. Box 1902
Laurel, MD 20725-1902

**End of Memorandum Decision**