Date signed October 19, 2007



PAUL MANNES  
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| DONNA MARIA BARNES-DUNCAN | : | Case No. 06-11284PM |
| | : | Chapter 13 |
| Debtor | : | |
| DONNA MARIA DUNCAN | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 06-1615PM |
| | : | |
| JOHN ARNESS III | : | |
| LANE PLOTKIN LIEBNER & PLOTKIN, PC: | | |
| ESTATE OF MORRIS BATTLE | : | |
| Defendants | : | |
| AMERICAN BANK | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 07-0428PM |
| | : | |
| DONNA MARIE BARNES-DUNCAN | : | |
| TIMOTHY BRANIGAN, Trustee | : | |
| ESTATE OF MORRIS BATTLE | : | |
| FARM SERVICE AGENCY | : | |
| ASHOK JASHNANI | : | |
| Defendants | : | |

### MEMORANDUM TO THE PARTIES

This Memorandum is directed to the parties in interest in two adversary proceedings and one objection to a claim in the bankruptcy case of Donna Maria Barnes-Duncan. Because of the convoluted nature of the matters before this court and the impact of the decision of one dispute

upon others, it occurs to the court that this is an ideal situation for the use of the mediation processes.

A number of issues have been settled by the court or are otherwise not in dispute. These facts are as follows:

(1) The Estate of Morris Battle holds a claim secured by a valid lien upon the subject property located at 9010 Watkins Road, Gaithersburg, Maryland. The lien is subordinate to a lien securing a claim of the American Bank.

(2) The personal liability of the Debtor on the obligations to American Bank and the Estate of Morris Battle is discharged by virtue of the discharge entered in the Chapter 7 case filed by the Debtor on August 22, 1991.

(3) The court issued a partial Summary Judgment holding that the Estate of Morris Battle and its agents have violated, on at least one occasion, the discharge injunction contained in Section 524(a)(2) of the Bankruptcy Code. It is also alleged in the counter-claim filed by the Debtor in the adversary proceeding filed by American Bank that American Bank repeatedly violated the discharge injunction in knowing and willful violation of the discharge injunction. The counter-claim also seeks a ruling that the agreements signed by the Debtor following discharge of her personal liability should be declared null and void in that these agreements were not court approved reaffirmation agreements. The Debtor filed a cross-claim against Ashok Jashnani based on Jashnani's failure to comply with the requirements of the Maryland Secondary Mortgage Loan Law requiring licensing. Because of this failure, Debtor seeks a declaration that Jashnani may not collect interest or any other charge in connection with the loan together with a judgment for three times the finance charges paid in connection with the transaction. This claim is not relevant to the main dispute and could be tried as an independent action.

(4) It is alleged that the proof of claim filed on behalf of the Estate of Morris Battle is grossly overstated in its claim of over $82,000.00 in legal fees and expenses and $211,628.62 in interest at the rate of 12% per annum for the period from November, 1991, through March, 2006.

It appears to this court that a resolution of this case is in the interest of all concerned because each party appears to hold valid claims against the counter-party. Completion of this matter involves resolution of two adversary proceedings and one objection to claim. Resolution is not facilitated by the fact that the Debtor represents herself in connection with the objection to the proof of claim, that she is represented by Scott C. Borison in the American Bank adversary proceeding, and she is represented by Matthew H. Simmons in the adversary proceeding brought

by her.

      Therefore, the court suggests that the parties, including the junior lienholders, Ashok Jashnani and Farm Service Agency, would be well served by an attempt to resolve the adversary proceedings and the objection to the proof of claim through the mediation process of this court. The court is advised that Magistrate Judge William Connelly is available to assist in the resolution. The parties are requested to advise the court, within fifteen days of this Memorandum, whether or not they are willing to engage in a voluntary mediation process. Notice of agreement to mediation may be either filed or given by telephone to my Law Clerk, Mrs. Tammie Geier, at 301-344-8051.

cc:
Donna M. Barnes-Duncan, 9010 Watkins Road, Gaithersburg, MD 20879
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
David W. Cohen, Esq., 1 North Charles Street, #350, Baltimore MD21201
Ashok Jashnani, 21314 Seneca Crossing Drive, Germantown, MD 20876
Estate of Morris Battle, Eugenie Lucase, PR
      c/o Leibner & Plotkin, 4725 Wisconsin Avenue, NW, #250 Washington DC 20016
Stephen Greenfeld, Esq., 7910 Woodmont Avenue, #760, Bethesda, MD 20814
Lawrence Adams, Asst U.S. Attorney for MD, 101 W. Lombard St, Baltimore MD 21201
Farm Service Agency, c/o MD FSA Office, 339 Busch's Frontage Rd, Annapolis MD 21409
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**