Date signed May 29, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
#### at Greenbelt

| | |
|---|---|
| **In Re:**<br><br>**Donna Maria Barnes-Duncan,**<br><br>     **Debtor.** | **Case No. 06-11284PM**<br>**Chapter 13** |
| **Donna Marie Duncan,**<br>          **Plaintiff,**<br>**v.**<br><br>**John Arness, III, Lane Plotkin,**<br>**Liebner & Plotkin, P.C. and Estate of Morris**<br>**Battle,**<br>          **Defendants.** | **AP No. 06-01615PM** |

### MEMORANDUM OF DECISION

This adversary proceeding came before the court for trial on May 14, 2008. For reasons described later in this Memorandum, no evidence was offered on behalf of Donna Marie Duncan ("the Plaintiff" or "the Debtor") and the court took the matter under advisement.

The crux of this case is an alleged violation of the discharge injunction of 11 U.S.C. § 524(a)(2) by John Arness, III, Lane Plotkin, Liebner & Plotkin, P.C. and the Estate of Morris Battle ("the Defendants") and appears in Count I of the First Amended Complaint. The court notes that at the time of the filing of this action, the Plaintiff was represented by Matthew H. Simmons, Esq. ("Mr. Simmons") of the law firm of Simmons & Associates, Chartered.

The Debtor borrowed $47,500.00 from Morris Battle, now deceased, and executed a Note dated August 22, 1991, memorializing same. The loan was secured by a Deed of Trust that was

recorded in Liber 9932, at Folio 078, among the Land Records of Montgomery County, Maryland, on September 12, 1991 ("the 1991 Deed of Trust"). It represented a lien against the Debtor's residence located at 9010 Watkins Road, Gaithersburg, Maryland, 20882. The Debtor's personal liability for repayment of the debt was extinguished by the discharge entered in Bankruptcy Case No. 91-44901 filed on October 15, 1991. In granting partial summary judgment as to Count I by Order entered August 6, 2007, this court found that on at least one occasion the Defendants violated the discharge injunction but that the 1991 Deed of Trust represented a valid and subsisting lien securing, *in rem*, the obligation owed by the Plaintiff to the Estate of Morris Battle.

The court will elaborate on its prior ruling with regard to Count I. Based on the undisputed evidence presented in support of summary judgment, this court found that the Defendants had sought to collect the obligation from the Debtor as a personal liability in violation of 11 U.S.C. § 524(a)(2). Nothing prevented the Defendants from collecting the debt as an *in rem* obligation against the property itself. In this bankruptcy case, the Debtor's Schedule A valued the property at $690,000.00 subject to four consensual liens aggregating debt of $651,000.00.[1] Because the Estate of Morris Battle's claim is secured by property the value of which, after allowance for claims secured by senior liens, is greater than the amount owed, under 11 U.S.C. § 506(b), the Estate of Morris Battle is entitled to be allowed interest and any reasonable fees provided for under the loan agreement. While the Estate of Morris Battle has a viable lien upon the Debtor's property, it had no right of collection against the Debtor personally, and has, in the past, violated the discharge injunction.

The Plaintiff's First Amended Complaint also included an alleged breach of fiduciary duty (Count II), invasion of privacy (Count III) and defamation (Count IV). Count II seeks a judgment

---

[1] The priority and validity of these liens were the focus of the action styled *American Bank v. Donna Marie Barnes-Duncan, et al.*, Adversary Proceeding No. 07-00428, that was tried immediately preceding the trial in this matter. Further, with respect to liens allegedly filed against this property, the court understands that the Estate of Morris Battle filed an action in the Circuit Court for Montgomery County, Maryland, against the Debtor resulting in a judgment in its favor and that the Debtor's appeal from that judgment was dismissed by order of the Court of Special Appeals dated January 6, 2005. *Barnes-Duncan v. Estate of Morris Battle*, September Term (2004), Case No. 15.

of $1,500,000.00 plus costs, pre- and postpetition interest and attorney's fees. Count II fails in the absence of any evidence in support thereof. Count III seeks $1,500,000.00 plus costs, pre- and postpetition interest and attorney's fees and fails because the court finds that the Estate of Morris Battle had the right to advertise the foreclosure sale and, with respect to the assertions not relating to the sale, because of the absence of any supporting evidence. Count IV fails for total lack of evidentiary support.

On May 15, 2008, a Motion for Rescheduled Trial Date seeking relief on the basis of excusable neglect under F.R.B.P. 9006(b)(1) was filed by the Plaintiff's counsel wherein it is alleged that "counsel incorrectly believed" that only the *American Bank* matter was scheduled for trial and that "undersigned counsel" (Mr. Simmons and Mr. Malloy) were in trial out-of-state in the matter of *Combs v. Case, et al.*, Case No. 05-cv-00741, and were having difficulty accessing emails and the firm's calendar. A review of the extensive docket in the *Combs* matter reflects that in late 2007, the court for the District of Hawaii set a trial to commence on April 29, 2008.

The court finds no basis to grant the extraordinary relief requested. The Debtor and her lawyers were aware of the pendency of this trial for many months. Following the entry of the Order Granting Partial Summary Judgment, this court issued a notice that trial would be held on January 10, 2008. Upon further consideration of the pleadings and the docket herein as well as an additional proceeding commenced by American Bank against the Debtor and others (*American Bank v. Donna Marie Barnes-Duncan, et al.*, Adversary Proceeding No. 07-00428), this court issued a Memorandum on October 22, 2007, urging that the parties undertake an effort of mediation of the outstanding disputes. There were serious weaknesses in the positions of nearly everyone concerned other than the United States of America/Farm Service Agency, that appeared uninterested in all of the proceedings. Upon notice that the parties had agreed to mediate all disputes, this court rescheduled the trial for May 14, 2008. The notice of the new trial date was served electronically January 2, 2008, on Steven Greenfeld, the Defendants' attorney (steveng@cohenbaldinger.com), on the law firm of Simmons & Associates, Chartered (office@hoyalaw.com), Mr. Simmons (matt@hoyalaw.com) and Mr. Malloy (seann@hoyalaw.com). Additionally, the notice was sent via United States mail to "Seann Patrick Malloy, Simmons and Associates Chtd, 7347 Wisconsin Ave Ste 200, Bethesda, MD 20814."

Scott C. Borison ("Mr. Borrison") represented the Plaintiff in the *American Bank* matter and additionally appeared on her behalf in opposition to the Motion for Relief From Stay in the bankruptcy case. Because his representation of the Debtor in the main case was limited to the one contested matter, he would not have been sent a notice of the continued trial date, although there is no reason to believe that he did not have notice of the scheduling of both adversaries for the same day in light of his participation on the Debtor's behalf in the mediation process.

The parties undertook an extended period of mediation of the disputes with the assistance of Magistrate Judge William Connelly. The first session was scheduled for March 17, 2008. Because the mediation process ultimately proved to be unsuccessful, this proceeding came before the court for trial, as scheduled, on May 14, 2008. Neither Mr. Simmons nor Mr. Malloy appeared. Immediately prior to calling this case for trial, the court conducted and concluded the trial in the *American Bank* matter. Following that trial, Mr. Borrison remained in the courtroom in this matter but, as stated, did not represent the Plaintiff.

In opposition, the Defendants allege that the parties participated in several sessions of mediation – one face-to-face meeting and several telephonic meetings. Further, Mr. Malloy confirmed by email sent on May 7, 2008, at 1:17 p.m., his availability to attend telephonically a mediation session to be held on May 9, 2008. That email was sent from "seann@hoyalaw.com." On May 9, 2008, Judge Connelly sent an email confirming the final mediation session, noting the approaching trial date of May 14, 2008. The confirming email was sent to, among others, "seann@hoyalaw.com" and "matt@hoyalaw.com."

The court has difficulty with counsel's assertion that they were having trouble accessing emails and the firm's calendar. The attachments to the Defendants' opposition are damaging as to accessibility to email. Further, if this court is to accept counsel's representation that they "incorrectly believed" that only the *American Bank* proceeding was scheduled for trial then why would access to the firm's calendar have made a difference? Is it not the case that the firm's calendar would not have reflected a trial in this adversary proceeding? What good is an accessible calendar that omits a pertinent date?

This court issued its notice of the rescheduled trial date on January 2, 2008. That notice was sent electronically to counsel's law firm and to Mr. Simmons and Mr. Malloy. Notice was also sent

via United States mail to Mr. Malloy's attention.  This alleged conflict and inability to communicate electronically with the firm is a red herring.[2]

As to the argument that counsel's inaction was due to excusable neglect, F.R.B.P. 9006(b)(1) provides:

(1) In general

Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

The Supreme Court in the case of *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993), guides this court in applying F.R.B.P. 9006(b)(1).  In *Pioneer,* the Court explored whether a party's neglect is excusable and instructed:

[W]e conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.  (footnote omitted). These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.  (citation omitted).

*Pioneer,* 507 U. S. at 395.
The Court also reminds lower courts of its position that clients may be held accountable for the acts and omissions of their attorneys.  *Id*. at 396.

---

[2]  The court notes Local Bankruptcy Rule 5071-1(c), "Motion for Postponement/Continuances," that provides:

(c) Conflicting Engagement. A motion for a postponement of a hearing or trial on the ground of a prior conflicting engagement must be filed within ten (10) days after the date such conflict became apparent. Written evidence of the conflicting engagement must be attached to the motion.

As previously noted, the trial in the *Combs* matter was set before this court rescheduled the trial in this adversary proceeding.  A timely motion to reschedule the trial should have been filed in this matter in accordance with the court's Local Rule.

-5-

This proceeding was commenced in December 2006. Discovery was taken, motions for summary judgment argued and decided and resolution through mediation attempted. Resetting the trial would clearly prejudice the Defendants. Further, effective calendar management was well within the Plaintiff's counsel's control. The calendaring error was amplified by the fact that Mr. Malloy participated in email exchanges regarding mediation on the eve of trial – one of those emails specifically referencing the May 14, 2008, trial date. The court is convinced that the Plaintiff's counsel chose to devote its resources toward the *Combs* matter, allowing this proceeding and the Plaintiff's interests to fall by the wayside. This does not add up to excusable neglect that would justify the relief sought.

Finally, the court does not believe that the Debtor is blameless in this matter. For reasons best known to herself, she had Mr. Borison represent her in the *American Bank* matter, Mr. Simmons and Mr. Malloy represent her in this matter, and elected to represent herself in objecting to the Proof of Claim filed by the Estate of Morris Battle.[3] With so many hands involved, it would be easy for something to fall through the cracks.

For these reasons, judgment as to Counts II through IV will be entered in favor of the Defendants. Further, the Plaintiff will be awarded $17,500.00 in damages as to Count I, partial summary judgment having been entered in her favor and the record being replete with examples of the Estate of Morris Battle attempting to collect the debt as a personal obligation of the Debtor.

cc:    Plaintiff
       Plaintiff's Counsel
       Defendants
       Defendants' Counsel

**End of Memorandum of Decision**

---

[3]The court will have to be shown how at the rate of 12% per annum there can be interest of $211,628.62 on a principal balance of $46,661.57 for the period November 1991, through March 2006. While legal fees of $82,440.33 are claimed, many of counsel's efforts were misguided and led to the discharge violation described above.